IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:09CR272 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SHANNON B. JACKSON and ) | |
| MICHAEL D. MCCROY, ) | |
| ) | |
| Defendants. ) | |

This case is before the court on the defendants' motions to sever. Shannon B. Jackson is charged in a five-count indictment with Count I, conspiracy to commit bank robbery (March 13, 2009 robbery of the First National Bank in Bellevue, Nebraska), Count II, bank robbery (First National Bank, Bellevue, Nebraska), Count III, brandishing a firearm during a bank robbery (First National Bank, Bellevue, Nebraska), Count IV, bank robbery (October 30, 2008 Tier One Bank), and Count V, brandishing a firearm during a bank robbery (Tier One Bank, Omaha, Nebraska). Michael D. McCroy is charged in the same indictment, but only in Counts I, II, and III involving the robbery of the First National Bank in Bellevue. The conspiracy charge in Count I pertains only to the March 13, 2009 robbery.

Shannon Jackson, in his motion to sever (#61), moves the court pursuant to Fed. R. Crim. P. 8 and 14, to sever Counts I, II, and III from Counts IV and V; and to sever Counts I, II, and III from the co-defendant Michael McCroy.

Michael D. McCroy also citing Rules 8 and 14, moves the court (#59) for an order severing all of his counts from the counts against Jackson. Because the defendants' cross

motions interact and require the same analysis, I have elected to deal with the issues in a joint order.

## I.  Fed. R. Crim. P. 8(a)

Fed. R. Crim. P. 8(a) permits the Government to charge multiple counts in a single indictment, provided the offenses charged are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) constitute parts of a common scheme or plan. Joinder is proper if any one of these three standards is met.  Thus, Rule 8 generally favors joinder "to promote the efficient administration of justice."  *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Joint trials, of all defendants on all counts of an indictment, are generally preferable for several reasons.  First, separate trials necessarily involve a certain degree of "inconvenience and expense." *See United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.), *cert. denied*, 539 U.S. 969 & 540 U.S. 960 (2003) (case involving motion to sever defendants).  In *Pherigo*, the Eighth Circuit also observed that trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome."  *Id.*

Joinder of multiple defendants is proper under Rule 8(b), Fed. R. Crim. P. when two or more defendants are charged in the same indictment or information alleging to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.  Such defendants may be charged in one or more counts together, or separately, and all of the defendants need not be charged in each count.

I find that joinder of all the offenses alleged in the indictment was proper under Fed. R. Crim. P. 8(a) because all of the offenses charged are of the same or similar character.

I further find that the joinder of defendants in the indictment was proper under the language of Fed. R. Crim. P. 8(b), which does not require that all defendants be charged in each count. The two defendants are charged identically in Counts I, II and III, and the offenses alleged in Counts IV and V (against Shannon B. Jackson only) are of the same or similar character as those charged in Counts I, II and III.

## II.  FED. R. CRIM. P. 14

### A.  Counts I, II and III

If offenses are properly joined under Rule 8, Rule 14 specifies that the district court may order separate trials if a joint trial "appears to prejudice a defendant or the government." The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a single defendant for multiple crimes. For example, a jury might improperly use evidence of one crime to infer that a defendant committed another offense. *See United States v. Boyd*, 180 F.3d at 981. Indeed, a jury might cumulate evidence to find guilt on all crimes, whereas it would not have found guilt on any crime, if it had considered the offenses separately. *See Id.* Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the "general efficiency of joinder." *See Taken Alive*, 513 F.3d at 903. Accordingly, separate trials are required only where prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir.), *cert. denied*, 546 U.S. 994 (2005); *Pherigo*, 327 F.3d at 693. Severe prejudice occurs when a defendant is deprived of "an appreciable

chance for an acquittal," a chance that defendant "would have had in a severed trial." *Boyd*, 180 F.3d at 982.

In this indictment, Shannon Jackson and Michael McCroy are charged identically in Counts I, II and III with offenses pertaining to the March 13, 2009 robbery of the First National Bank in Bellevue, Nebraska. Judicial economy justifies the reliance on the jury to follow the instructions of the court that separate the evidence and limit the applicability of the evidence to each defendant. Severance of counts and defendants is not appropriate as to Counts I, II and III because both defendants are charged upon similar evidence from related events and the record fails to establish the existence of any prejudice that is not outweighed by the court's concern for judicial economy.

As part of his motion to sever, Shannon Jackson raised the issue of inconsistent and separate defenses. However, "[t]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable." *United States v. Johnson*, 944 F.2d 396, 402 (8th Cir. 1991). "[A] defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." *Id.* at 403. Antagonistic defenses require severance "only when there is a danger that the jury will unjustifiably infer that this conflict . . . alone demonstrates that both are guilty." *United States v. Ortiz,* 315 F.3d 873, 898 (8th Cir. 2002) (internal quotation marks omitted). "It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved." *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986).

Based upon defendant McCroy's allegation that "jailhouse" statements were made by Shannon Jackson and that the statements may be prejudicial, I ordered (#76 and #78) that the government produce on or before December 21, 2009 statements or confessions made by Shannon Jackson which implicated Michael McCroy that the government intended to use at trial. The government complied on December 21, 2009. I conducted an *in camera* inspection of the proposed evidence and find the evidence does not mention McCroy by name and, because persons mentioned in Jackson's statements may well be persons other than McCroy, that there is no prejudice or issue under *Bruton v. United States*, 391 U.S. 123 (1968). Because Jackson's statements do not incriminate McCroy, and could only do so if linked to additional evidence, they may be admitted if a limiting instruction is given to the jury. *Richardson v. Marsh*, 481 U.S. 200 (1987); *United States v. Flaherty*, 76 F.3d 967 (8th Cir. 1996).[1]

**B.  Severance of Counts IV and V**

Shannon B. Jackson is charged in all counts of the indictment with offenses that are of the same or similar character. It does not appear to the court that consolidation of all counts for trial would result in unfair prejudice to defendant Jackson.

Defendant McCroy is not charged with any crime involving the October 30, 2008 robbery of Tier One Bank. Having carefully considered the parties' arguments, it appears to the court that a consolidated trial of Counts IV and V with Counts I, II and III would be unfairly prejudicial to defendant McCroy.

---

[1] Shannon Jackson's post-arrest statements are the subject of pending motions to suppress filed by both defendants.

**IT IS ORDERED:**

1. The Motion to Sever (#61) filed by defendant, Shannon B. Jackson is denied.

2. The Motion to Sever (#59) filed by defendant, Michael D. McCroy is granted, in part. Pursuant to Fed. R. Crim. P. 14, the trial of Counts IV and V is hereby severed from the trial of Counts I, II and III.

3. The Clerk shall amend the record to show the severance of Counts IV and V.

4. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

**DATED January 4, 2010.**

**BY THE COURT:**

s/ F.A. Gossett
**United States Magistrate Judge**
