IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:09CR272 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL D. MCCROY, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendant Michael D. McCroy's objection to the magistrate's order on his motion to sever counts and parties, Filing No. 85. The magistrate judge granted the motion in part and denied the motion in part. Filing No. 79. Defendant objects to the recommendation of the magistrate judge that this court deny the motion to sever Counts I, II, and III of the indictment. At issue are jailhouse statements made by McCroy's co-defendant, Shannon Jackson, to third parties, which the government alleges are admissions against Jackson, but not admissions against McCroy. McCroy disagrees and argues Jackson's statements are prejudicial to him.

The government charged Jackson in a five-count indictment with conspiracy to commit bank robbery in Count I; bank robbery in Count II; brandishing a firearm during a bank robbery in Count III; bank robbery in Count IV; and brandishing a firearm during a bank robbery in Count V. McCroy is charged in the same indictment but only as to Counts I, II, and III. Both defendants moved to sever. Filing No. 59 and Filing No. 61. The magistrate judge granted the motion to sever with regard to Counts IV and V and denied the motion to sever with regard to Counts I, II, and III.[1] McCroy objects to these findings

---

[1] With regard to Counts IV and V, the magistrate judge concluded that inclusion of these counts would be unfairly prejudicial to defendant McCroy. McCroy does not appeal this finding.

of the magistrate judge. The magistrate judge's finding may be reversed if clearly erroneous or contrary to law. See 28 U.S.C. § 636. The court has reviewed the record and relevant law. For the reasons set forth below, the court finds that the order of the magistrate judge should be affirmed in its entirety.

The magistrate judge determined that Fed. R. Crim. P. 8(a) allows the government to charge multiple counts in a single indictment if the offenses are the same or of similar character; are based on the same act; or constitute parts of a common scheme or plan. The magistrate judge relied on Eighth Circuit law that favors including all counts of the indictment at trial. See *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). The magistrate judge found that joinder of all offenses met the test of Rule 8(a). He further concluded that joinder of the defendants was proper under Fed. R. Crim. P. 8(b) as to Counts I, II, and III, because the two defendants are identically charged, the evidence would be the same, the jury instructions would be indistinguishable, and no prejudice existed as to McCroy.

McCroy argued that Jackson made jailhouse statements that would implicate him. The magistrate judge ordered an in-camera inspection of the transcripts of the statements. After reviewing these statements, the magistrate judge concluded that McCroy is not mentioned by name in the statements, that Jackson could be referring to another person, and that there is no *Bruton* issue. *Bruton v. United States*, 391 U.S. 123 (1968). The magistrate judge further found that if these statements are later linked to additional evidence, this court could give a limiting instruction to the jury so that the jury could consider the statements against Jackson but not against McCroy. *Richardson v. Marsh*, 481 U.S. 200 (1987). McCroy objects alleging that such statements are highly prejudicial to him. He argues that there are only two defendants in this indictment and that a jury

2

could conclude that Jackson's references to the other person, even though McCroy is not named, will be imputed to him.

The court has carefully reviewed the record in this case and concludes that the magistrate judge's report and recommendation will be adopted in its entirety. After reviewing the statements made by Jackson, the Court agrees with the magistrate judge that there is no reference to McCroy and no *Bruton* violation. These statements do not incriminate McCroy. See *United States v. Avila Vargas*, 570 F.3d 1004, 1008-1009 (8th Cir. 2009).

THEREFORE, IT IS ORDERED that:

1. Defendant's motion to sever, Filing No. 59, is denied;

2. Defendant's objections, Filing No. 85, are overruled; and

3. The order of the magistrate judge, Filing No. 79, is affirmed in its entirety.

DATED this 26th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.