IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SHANNON B. JACKSON AND  )<br>MICHAEL D. MCCROY,  )<br>  )<br>Defendants.  )  | 8:09CR272<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant Shannon B. Jackson's motions to suppress statements and witness identification, Filing No. 65 and Filing No. 67, and defendant Michael D. McCroy's motion to suppress statements made by Jackson, Filing No. 57. The government charged Jackson in a five-count indictment with conspiracy to commit bank robbery in Count I; bank robbery in Count II; brandishing a firearm during a bank robbery in Count III; bank robbery in Count IV; and brandishing a firearm during a bank robbery in Count V. McCroy is charged in the same indictment but only as to Counts I, II, and III. Filing No. 11. The magistrate judge reviewed the motions and determined they should be denied. Filing No. 116. Jackson objects to these findings of the magistrate judge. Filing No. 126. McCroy also objects to these findings. Filing No. 127. The magistrate judge's finding may be reversed if clearly erroneous or contrary to law. *See* 28 U.S.C. § 636. The court has reviewed the record and relevant law. The court concludes that the findings and recommendations of the magistrate judge should be adopted.

**Introduction**

Following a bank robbery at First National Bank of Bellevue, the police captured both Jackson and McCroy. Jackson has three arguments in support of his motion to suppress and his motion to suppress witness identification. First, Jackson contends that police interrogated him after his arrest, in violation of the Fifth Amendment. Second, after Jackson's arrest, the arresting officer was instructed to return Jackson to the bank. He did so and two employees attempted to identify Jackson. Neither could do so. Jackson alleges this identification procedure violates his constitutional rights. Third, thereafter, the police transported Jackson to the Sarpy County Jail. Jackson contends that jail personnel wrongfully and unlawfully intercepted his phone calls from the jail to third parties and this court should suppress those conversations. McCroy also moves to suppress the statements that Jackson made while talking on the phone at the Sarpy County Jail.

**Discussion**

*A.  Motion to Suppress Arrest Statements*

The Bellevue Police Department apprehended Jackson near a creek, soaking wet. Officer David Brewer took custody of Jackson. Officer Brewer introduced himself and asked for permission to complete a field interview card which contained basic personal information. Jackson agreed. Jackson stated, without prompting from Officer Brewer, "I should have known better than to let that fool talk me into coming down here." Officer Brewer reminded Jackson he was under arrest and then read him his *Miranda* rights, using the rights advisory card. See *Miranda v. Arizona*, 384 U.S. 436 (1966). Officer Brewer then asked Jackson about the vehicle used to get to Bellevue. Jackson stated he slept most

2

of the way but thought it might have been a pickup truck.  Jackson then asked for a lawyer and Officer Brewer stopped asking questions.

The magistrate judge first determined that Officer Brewer did not act unlawfully when he asked Jackson the biographical information.  The court agrees and also agrees with the magistrate judge's finding that Officer Brewer gave Jackson his *Miranda* rights.  However, the magistrate judge found that Jackson's responses to questions, in particular the questions about the mode of transportation, constituted a custodial interrogation and such responses should be suppressed, as there is no evidence in the record that Jackson ever waived his Miranda rights.[1]  This court has read the record and is in agreement with the magistrate judge's conclusions in this regard.  There is no evidence in the record of waiver of Jackson's *Miranda* rights, so the post-*Miranda* statements are suppressed.  However, the magistrate judge did not exclude the one comment that Jackson initially volunteered regarding "let[ting] that fool talk me into coming down here."  The court agrees with the magistrate judge that Officer Brewer did not elicit such statement from Jackson and that Jackson voluntarily made that statement.  Accordingly, the Court finds the magistrate judge is correct in all respects with regard to the custodial interrogation.  All answers to biographical information requests are not suppressed; the volunteered statement is not suppressed; but the answers given to questions of a substantive nature regarding the mode of transportation are suppressed for failure to show that Jackson actually waived his *Miranda* rights.

---

[1] The magistrate judge made this determination in the text of his findings and recommendations but failed to note such suppression in his conclusion.  The Court agrees with the finding to suppress and notes this for clarification of the record.

3

### B. *Identification Attempt*

Officer Brewer received a call from Lieutenant Stuckenholz to transport Jackson back to First National Bank. Officer Brewer then asked Jackson, who was still handcuffed, to step out of the car. Both a bank teller and a security guard tried to identify Jackson. Neither could do so as both bank robbers wore masks. The magistrate judge determined, and this court agrees, that while such identification could have been problematic, in this case it is not. No one could, or did, identify Jackson. Consequently, there is nothing to suppress.

### C. *Telephone Monitoring*

Officer Brewer then drove Jackson to the Sarpy County Jail. Jackson made a number of calls which jail personnel recorded. *See* Filing No. 58. Officer Matt Chandler of the Omaha Police Department and Johnathan Robitaille of the Federal Bureau of Investigations requested a copy of these telephone calls. Jackson argues all of these recordings should be suppressed because law enforcement did not obtain a warrant.

There are signs posted at most of the phones at the Sarpy County Jail, as well as in the inmate handbook, that tells all prisoners that the calls might be monitored or recorded when it is determined that an inmate's actions or conversations pose a threat to the safety and security of the Sarpy County Law Enforcement Center. Jackson argues that does not give him sufficient notice that he, someone not causing trouble, would be monitored. However, the court notes, as did the magistrate judge, that there is a pre-recorded message at the beginning of each call that tells the inmate that the calls are subject to monitoring and recording. The court agrees with the factual and legal analysis

of the magistrate judge that Jackson gave implied consent to the taping of his phone conversations.

### D.  McCroy's Motion to Suppress

McCroy argues that Jackson's telephone conversations should be suppressed, because any alleged conspiracy between the two of them ceased upon Jackson's arrest, and therefore, his phone statements would not be statements of a co-conspirator during the course of the conspiracy pursuant to Fed. R. Evid. 801(d)(2)(E).  McCroy also argues that use of these statements violates his rights under the Sixth Amendment to confront his accusers, if McCroy does not testify at trial.   The magistrate judge did not address these issues, because McCroy did not file a brief.  The magistrate judge found McCroy waived his right to assert these issues pursuant to NECrimR 12.3(b)(1).   McCroy argues that he submitted a 16 page motion and a 46 page Index of Evidence and the magistrate judge should not have dismissed his motion, simply because he technically failed to file a brief.

The court agrees that McCroy failed to file a brief, and in the future, should comply with the Nebraska Local Rules.   However, in view of the fact that McCroy did file a lengthy motion and index of evidence, and in view of the fact that this issue would arise during trial in any event, the court will consider his argument.  The magistrate judge, as previously affirmed by this court, reviewed the jailhouse statements made by Jackson and determined that McCroy is not mentioned by name in any of the statements.  Filing No. 79, at 5 and Filing No. 99, at 3.  Accordingly, the magistrate judge determined there is no prejudice or issue under *Bruton v. United States*, 391 U.S. 123 (1968).  This court has again reviewed the jailhouse statements and once again agrees that the statements do not incriminate

McCroy.  See *United States v. Avila Vargas*, 570 F.3d 1004, 1008-09 (8th Cir. 2009). Accordingly, the court will deny McCroy's motion to suppress.  If, however, these statements are somehow linked to evidence at trial that would incriminate McCroy, he is free to raise the issue at trial.  Further, if McCroy has particular hearsay or other objections, counsel can make those at trial.

THEREFORE, IT IS ORDERED that:

1.  Jackson's motion to suppress statements, Filing No. 65, is granted in part and denied in part as set forth herein;

2.  Jackson's motion to suppress witness identification, Filing No. 67, is denied;

3.  Jackson's objections, Filing No. 125, are overruled;

4.  McCroy's motion to suppress statements, Filing No. 57, is denied;

5.  McCroy's objections, Filing No. 127, are overruled; and

6.  The findings and recommendation of the magistrate judge, Filing No. 116, is adopted in its entirety.

DATED this 5th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.