IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR272 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. McCROY and | ) | MEMORANDUM |
| SHANNON B. JACKSON, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motions to dismiss, Filing Nos. 162 & 175.[1]  This memorandum opinion supplements findings made on the record at a hearing on May 27, 2010.  The motions to dismiss are based on alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161, and the defendants' Sixth Amendment right to a speedy trial. The government contends that no more than 10 days have elapsed on the Speedy Trial clock, leaving a total of 60 unexcluded days on the clock.  On review of the record, the court finds the defendants' motions should be denied.

  I.      Law

          A.      The Speedy Trial Act

Under the Speedy Trial Act ("the Act"), a federal criminal defendant must be brought to trial within seventy days of "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. §

---

[1]Also pending are defendant Jackson's motions in limine, Filing Nos. 133 and 166.  Those motions involve evidence to be adduced at trial and were filed by counsel who has now been allowed to withdraw.  The court finds the motions should be denied at this time without prejudice to reassertion by Jackson's newly appointed counsel.

3161(c)(1); *see* Bloate v. United States, 130 S. Ct. 1345, 1351 (2010); United States v. Yerkes, 345 F.3d 558, 561 (8th Cir. 2003).[2]  The Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice.  *Bloate*, 130 S. Ct. at 1356.  A defendant may not opt out of the Act even if he believes it would be in his interest because "'[a]llowing prospective waivers would seriously undermine the Act because there are many cases . . . in which the prosecution, the defense, and the court would all be happy to opt out of the Act, to the detriment of the public interest.'" *Id.* at 1358 (quoting Zedner v. United States, 547 U.S. 489, 502 (2006)).

Days lost to certain types of delays, however, are excluded from the 70-day calculation.  Bloate, 130 S. Ct. at 1351.  If, after the deduction of excludable days, the total number of days exceeds seventy, then, on a defendant's motion, the district court must dismiss the indictment.  United States v. Dezeler, 81 F.3d 86, 88 (8th Cir. 1996); 18 U.S.C. § 3162(a)(2).  Although the Act mandates a dismissal of the indictment, the trial court retains discretion with respect to whether the dismissal should be with or without prejudice.  Dezeler, 81 F.3d at 88.

In a Speedy Trial challenge, a defendant must show only that his right to a speedy trial has been violated.  United States v. Cordova, 157 F.3d 587, 599 (8th Cir. 1998); United States v. Kramer, 827 F.2d 1174, 1175 (8th Cir. 1987) (stating that the only evidentiary burden placed on a defendant involves the issue of whether dismissal should

---

[2]Congress made technical changes to the Speedy Trial Act in 2008, including the renumbering of several provisions.  The amendments did not substantively change any provisions relevant to this case.  In this opinion, the court will refer to the current renumbered version of the Act.

2

occur at all).  The burden is on the government to show that exclusions apply.  *Id.*; 18 U.S.C. § 3162(a)(2).

Section 3161(h) specifies the types of delays that are excludable from the calculation.  *Bloate,* 130 S. Ct. at 1351.  Some delays are automatically excludable, i.e., they may be excluded without any district court findings.  *Id.* at 1351-52.  Subsection (h)(1) requires the automatic exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" periods of delay resulting from eight enumerated subcategories of proceedings.[3]  *Id.* at 1352.  The time between the day on which any party files a pretrial motion until a hearing is held on the motion is automatically excluded from the speedy-trial calculation.  18 U.S.C. § 3161(h)(1)(D)*; United States v. Long,* 900 F.2d 1270, 1274 (8th Cir. 1990); *Henderson v. United States,* 476 U.S. 321, 328-31 (1986) (holding that time after a hearing has been held while a district court awaits additional filings from the parties that are needed for proper disposition of the motion is excludable).  Following that period, the Act allows exclusion of up to 30 more days for the court to consider the motions.  18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); *see also Henderson,* 476 U.S. at 328-31.  The provision that automatically excludes time for pretrial motions applies only to the "delay that occurs 'from the filing of the motion through the conclusion

---

[3]These are delays due to: (1) mental competency proceedings or examinations; (2) other charges; (3) interlocutory appeals; (4) pretrial motions; (5) proceedings regarding transfers or removals from another district; (6) transportation of defendants; (7) consideration of a plea agreement; and (8) a period, up to 30 days, when a proceeding concerning the defendant is under advisement by the court.  *See* 18 U.S.C. § 3161(h)(1)(A)-(H).

of the hearing on, or other prompt disposition of' the motion," not pretrial preparation time, which is excludable only when accompanied by district court findings that the interests of justice are served by the delay under 18 U.S.C. § 3161(h)(7).  *Bloate*, 130 S. Ct. at 1353 (addressing a motion for additional time in which to prepare a pretrial motion and holding that the text and structure of the Act communicate "Congress' judgment that delay resulting from pretrial motions is automatically excludable, i.e., excludable without district court findings, only from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings").

Delays that result from motions for continuances are excludable only if the district court makes findings that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4]  This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.  *Zedner v. United States*, 547 U.S. 489, 498-99 (2006).  The Act requires that when a district court grants an ends-of-justice continuance, it must "se[t] forth, in the record of the case, either orally or in writing, its reasons" for

---

[4]The factors that a district court can consider in determining whether to grant a continuance include: whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits; and would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation in the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Further, no continuances may be granted by reason of "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

finding that the ends of justice are served and that they outweigh other interests.  *Id.* at 507 (quoting 18 U.S.C. § 3161(h)(8)(A)).

With respect to motions referred to magistrate judges, the 30-day exclusion period first applies to the magistrate judge's consideration of the motion.  *Long*, 900 F.2d at 1274-75.  The magistrate judge is required to file a report and recommendation with the district court, the parties must file objections to it within 10 days, and the district court is required to rule on any objections.  *See* 28 U.S.C. § 636(b)(1).  The filing of the report and recommendation begins a new excludable period under section 3161(h)(1)(H).  *Long*, 900 F.2d at 1274 (characterizing the filing of the report and recommendation as a re-filing of the motions, together with the magistrate's study of them, with the district court).  *Id.*  This filing tolls the 70-day period until the district court either holds a hearing or has all the submissions it needs to rule on the motions, at which time another 30-day period is excludable for the district court's consideration of the motion.  *See id.*  A co-defendant's motions will toll the clock with respect to all of the defendants.  *See United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir. 2003).

        B.    The Sixth Amendment

A defendant has a Sixth Amendment right to speedy trial in addition to the statutory protection provided by the Speedy Trial Act.  *See United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002).  No Sixth Amendment right to a speedy trial arises until charges are pending and the Sixth Amendment right to a speedy trial "'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.'" *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003) (quoting *Sprouts*, 282 F.3d at 1042).  The Sixth Amendment "speedy-trial right is 'amorphous,' 'slippery,' and 'necessarily

relative.'" *Vermont v. Brillon*, 129 S. Ct. 1283, 1290 (2009) (quoting *Barker v. Wingo*, 407 U.S. 514, 522 (1972)).  It is "consistent with delays and depend[ent] upon circumstances." *Id.*

The Supreme Court refuses to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial. *Brillon*, 129 S. Ct. at 1290.  Rejecting such inflexible approaches, the Supreme Court has established a balancing test, in which the conduct of both the prosecution and the defendant are weighed.  *Id.*  Some of the factors that courts should weigh are the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.*

Deliberate delay to hamper the defense weighs heavily against the prosecution.  *Id.* More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.  *Id.*  In contrast, delay caused by the defense weighs against the defendant.  *Id.* (noting that the rule accords with the reality that defendants may have incentives to employ delay as a defense tactic because delay may work to the accused's advantage in that witnesses may become unavailable or their memories may fade over time).  Delay caused by defense counsel is charged to the defendant.  *Id.* at 1291.  "The same principle applies whether counsel is privately retained or publicly assigned, for '[o]nce a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program.'" *Id.* (quoting *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

6

Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another. *Sprouts*, 282 F.3d at 1041. In ruling on a motion to dismiss for a Speedy Trial violation, a district court should consider, among other factors, the party responsible for the delay. *Bloate,* 130 S. Ct. at 1358. The court must consider four factors when applying a Sixth Amendment balancing test to pretrial delay: the length of delay, the reason for delay, whether the defendant asserted the right to a speedy trial, and whether the defendant suffered any prejudice. *Barker*, 407 U.S. at 530; *see also Titlbach*, 339 F.3d at 699; *Perez-Perez*, 337 F.3d at 995. It would be unusual to find the Sixth Amendment has been violated when the Act has not. *Perez-Perez*, 337 F.3d at 995.

A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring a speedy trial inquiry and the application of the *Barker* factors. *See id.; Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992); *United States v. Walker*, 92 F.3d 714, 717 (8th Cir. 1996) (37 month delay presumptively prejudicial); *but see Titlbach*, 339 F.3d at 699 (eight-month delay not presumptively prejudicial)*; United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) (five-month period between detention and trial on drug charges, interrupted by pretrial motions, "was not sufficiently long to be presumptively prejudicial"); *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir. 1997) (delay just over seven months did not trigger Sixth Amendment analysis). Where no presumptively prejudicial delay exists, the court need not examine the remaining factors (reasons, assertion by defendant, and prejudice) under *Barker*. *Doggett*, 505 U.S. at 651-52; *see Sprouts*, 282 F.3d at 1043 (delay of 125 days).

7

II.     DISCUSSION

A.     Facts

Jackson was indicted on July 22, 2009, after he had made an initial appearance on the criminal complaint.  Filing Nos. 6 and 11.  Jackson's co-defendant, Michael D. McCroy, was also indicted on that date, but made his initial appearance on August 11, 2009.  Filing Nos. 11 and 23.  In progression orders, the court set deadlines for filing pretrial motions. Filing Nos. 16 and 24.  On August 18, 2009, Jackson filed an unopposed motion to extend the time in which to file pretrial motions.  Filing No. 29.  The following day, defendant McCroy filed a similar motion.  Filing No. 30.  The court granted defendant Jackson's motion on the day it was filed, expressly finding under 18 U.S.C.§ 3161(h)(7)(A) & (h)(7)(B)(iv) that "the ends of justice will be served by granting this motion and outweigh the interests of the public and the defendant in a speedy trial" in that "counsel require additional time to adequately prepare the case, taking into consideration due diligence of counsel and the novelty and complexity of this case" and noting that the failure to grant additional time "might result in a miscarriage of justice."  Filing No. 31.  The court stated that the time between August 20, 2009, and September 11, 2009, was excludable.  *Id.*  On August 21, defense counsel filed a motion to withdraw as counsel, which also served to stop the clock until the hearing on the motion, which occurred on August 25, 2009.  Filing Nos. 35-38.  Defense counsel withdrew the motion at the hearing.  Filing No. 38.

On August 26, 2009, the court granted defendant McCroy's earlier motion for an extension of time, extending the time to September 21, 2009, for filing pretrial motions, again making an express finding that the continuance satisfied the ends of justice.  Filing No. 40.  On September 22, 2009, defendant McCroy filed another motion to extend the

8

time to file pretrial motions, and the court extended the time for filing until October 5, 2009, again making an express "ends-of-justice" finding.  Filing Nos. 48 and 51.

In the meantime, on September 9, 2009, Defendant Jackson's counsel filed a motion to withdraw that was granted on September 23, 2009.  Filing Nos. 42, 49, and 50. Thereafter, the court granted another extension of time in which to file pretrial motions, extending the deadline to  October 26, 2009, again with an express "ends-of-justice" finding.  Filing Nos. 53 and 54.  On October 26, 2009, the defendants filed several motions that again stopped the Speedy Trial clock:  a motion to sever, a motion for release of *Brady* materials, motions to suppress, and a motion for an order to preserve records.  Filing Nos. 57, 59, 61, 63, 65, and 67.  Responses to the motions were due by November 9, 2009, but the response time was extended to November 25, 2009, and later to December 21, 2009, and a hearing was set for January 21, 2010.  Filing Nos. 72, 78, and 80.

At the conclusion of the hearing on January 21, 2010, the magistrate judge ruled on several motions, but took other motions (Filing Nos. 57, 65, and 67) under advisement. Filing No. 112 at 57; Filing No. 93.  The court allowed the parties more time for briefing on that issue, ordered the preparation of a transcript, and ordered that the matter would be deemed submitted on the filing of the transcript.  Filing No. 111 at 52-53; Filing No. 93.

Before the transcript was filed, defendant McCroy filed a motion to file a pretrial motion out of time on February 5, 2010, and a motion to dismiss on February 8, 2010. Filing Nos. 102 and 103.  On February 9, 2010, the magistrate judge denied the motion to file out of time and recommended that the district court strike or deny the motion to dismiss as untimely filed.  Filing No. 105.  On that same day, McCroy's counsel filed a motion to

withdraw which was granted the following day. Filing Nos. 106 and 107. New counsel was appointed to represent McCroy on February 11, 2010. Filing No. 108.

The transcript of the January 21, 2010, motion hearing was filed on February 20, 2010, triggering the 30-day excludable period for consideration of the motion under advisement. Filing No. 111. Two days later, defendant McCroy filed objections to the other findings of the magistrate judge as set out in the transcript. Filing No. 113. Under 28 U.S.C. § 636, a party is granted 14 days in which to object to a magistrate judge's findings. The Local Rules provide that an opposing party has 14 days to respond to an objection. *See* NECrimR 59.2(a). At the conclusion of that 14 day period, or whenever a response is filed, the matter is ripe for consideration by the district court, again triggering the exclusion of up to 30 days for consideration of the motion. *See* 18 U.S.C. § 3161(h)(1)(H). On February 26, 2010, this court ruled on the objections. Filing No. 115.

On March 15, 2010, the magistrate judge issued findings and recommendations on the remaining motions taken under advisement at the January 21, 2010, hearing and ripe for consideration at the conclusion of briefing on February 15, 2010. Filing No. 116. On March 21, 2010, defendant Jackson's counsel filed a motion to withdraw as well as a motion to extend the time in which to file objections to the magistrate judge's findings. Filing No. 117. That motion was set for a hearing on March 23, 2010. Filing No. 119. On March 25, 2010, defendant Jackson filed a motion for a trial setting. Filing No. 122. That same day, the motion was granted and trial was set for May 3, 2010, with the express finding that the time between March 25, 2010, and the beginning of trial on May 3, 2010, was excluded from speedy trial calculation. Filing No. 123.

On March 27, 2010, defendant Jackson filed objections to the magistrate judge's findings, again triggering a 30-day excludable period for consideration of the motion.  Filing No. 125.  Two days later, defendant McCroy also filed objections.  Filing No. 127.  The court ruled on the defendants' objections on April 5, 2010.  Filing No. 129.  That same day, defendant Jackson filed a motion to issue subpoenas and a motion in limine, and defendant McCroy filed a motion to continue the trial for 30 days to allow counsel to prepare for trial.  Filing Nos. 130, 133, and 135.  The court granted the motion for a continuance and set the trial for June 1, 2010, expressly finding the ends of justice were served by the action and stating that the time between April 12, 2010, and June 1, 2010, was excludable.  Filing No. 137.

Several other motions were filed during the time the defendants awaited commencement of the trial.  The government filed a motion to dismiss counts III and IV of the Indictment on April 21, 2010, and the motion was granted the same day.  Filing Nos. 141 and 142.  Defendant Jackson filed a motion to modify his conditions of release on April 30, 2010, and the motion was denied by the magistrate judge on May 3, 2010.  Filing Nos. 142 and 143.  Jackson appealed the magistrate judge's ruling to this court the following day and the matter was set for hearing on May 13, 2010.  Filing No. 145 and 146.  The court ruled on the motion at the hearing.  Filing No. 152.  On May 17, 2010, Jackson's counsel filed a motion to withdraw, which was set for hearing on the following day.  Filing Nos. 155 and 156.  At the hearing on May 18, 2010, the court granted the motion to withdraw, allowed defendant Jackson to proceed to trial pro se and ordered former counsel to appear as stand-by counsel at trial, then set for June 1, 2010.  Filing No. 158.  Jackson filed the present motion to dismiss pro se on May 25, 2010, again stopping the clock.

Filing No. 162.  The court held a hearing on the motion on May 27, 2010, took the motion

to dismiss under advisement, and on its own motion, allowed withdrawal of standby

counsel and appointed new counsel to represent defendant Jackson.  Filing Nos. 169 and

170.  Both defendants have executed purported "waivers of speedy trial" that show that

they know and understand that motions to continue filed on their behalf may extend the

time for their case to get to trial and may be excludable from speedy trial calculations.  See,

e.g., Filing Nos. 136 and 32.

        B.    Analysis

The Speedy Trial clock started with respect to defendant Jackson on the date he

was indicted, July 22, 2009.  Because there are two defendants, the Speedy Trial clock

was reset to begin on August 12, 2009, the date after McCroy made his first appearance.

Jackson filed the first of the defendants' many motions to extend time on August 18, 2010.

As of that date, six unexcluded days had elapsed.   Under recent Supreme Court

precedent, the filing of the motions to extend the time in which to file pretrial motions would

not automatically stop the clock because motions for extensions of time to prepare pretrial

motions are not pretrial motions that are automatically excluded under § 3161(h)(1)(A)-(H).

However, the delays attributable to motions for extensions of time in which to file pretrial

motions can be excluded with a finding that the "ends-of-justice" are satisfied  under §

3161(h)(7).  The extensions of time were granted with such a finding and accordingly, the

time from the filing of the first motion to extend on August 18, 2009, until the extended

deadline of October 26, 2009, was properly excluded from the calculation.

On October 26, 2009, the defendants' filing of several pretrial motions stopped the

clock at least through the hearing on the motions that occurred on January 21, 2010.  At

that time, the magistrate judge ruled on several motions, but held two motions in abeyance. He allowed the parties up to four weeks for the submission of additional briefing on one motion and stated that another motion would be deemed submitted upon the filing of the transcript. Because the clock does not start until the judge has all the information it needs to rule on a motion, the time between the hearing and the filing of briefs and/or the transcript is properly excluded. Briefing on one motion was completed on February 12, 2009, triggering the 30 days of excludable time for the magistrate judge to consider the motion. The transcript was filed on February 20, 2009, at which time the other remaining motion was deemed submitted by the magistrate judge. The defendants then filed objections to some of the rulings, triggering the district court's 30-day excludable period of time for consideration of those objections.

The magistrate judge issued findings on the motions on March 15, 2010, within the 30-day excludable period. The Speedy Trial clock, however, did not resume at that time because other motions had been filed that stopped the clock. The record shows that the filing of numerous overlapping pretrial motions by both defendants have properly stopped the Speedy Trial clock for virtually the entire length of time this action has been pending. The court finds that, even under the defendants' calculation, there has been no Speedy Trial Act violation. Under any rational computation, ample time remains on the Speedy Trial clock.

With respect to the defendants' Constitutional challenge, the court finds that, although there has been no statutory Speedy Trial violation, the delay of almost a year from the defendants' indictments meets the threshold for presumptively prejudicial delay requiring a speedy trial inquiry and the application of the *Barker* factors. On balancing

13

those factors, the court finds that the reasons for the delays—the filing of numerous complex motions and changes of counsel by both defendants at their request—are attributable to the defendants.  The court finds no lack of diligence on the part of either defendants' present or former counsel.  The delays have been caused by the inability of the defendants to accept the advice of or get along with their appointed counsel.  That substitute counsel would need additional time to become acquainted with the issues and defendants is understandable.  The record shows that the defendants knew and agreed that their actions would lengthen the time to bring their case to trial.  Their repeated dissatisfaction and disagreement with counsel whom the court considers competent shows the defendants' reluctance to either commit to a trial or negotiate a plea.  In considering the reasons for the delay, the court finds the criminal defendants are more to blame for the delay than the government and the delays should be attributable to them.

Although the defendants have timely asserted their Speedy Trial rights, they have not shown any prejudice as the result of any delay that has occurred.  The defendants have not pointed to any evidence or testimony lost due to the passage of time.  Although they are incarcerated, the defendants will ultimately be granted credit for time served should they eventually be convicted.  Both defendants have executed acknowledgments with respect to the Speedy Trial consequences of the various actions taken on their behalf in this proceeding.  Although there can be no waiver of Speedy Trial rights, the defendants' acquiescence in moving for continuances reflects their understanding of factors that justify the postponing of proceedings in this case.  There is no indication of any deliberate delay to hamper either the defense or prosecution, nevertheless, it has been the defendants'

14

continued dissatisfaction with competent counsel that has caused most of the delay in this case.  Accordingly, the court finds there has been no Sixth Amendment violation.

IT IS ORDERED:

1.  The defendants' motions to dismiss for statutory and constitutional violations of their rights to a speedy trial (Filing Nos. 162 & 175) are denied; and

2.  The defendants' motions in limine (Filing Nos. 133 and 166) are denied without prejudice to reassertion at the commencement of trial.

DATED this 17th day of June, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.